

**Eastern District of Kentucky**
**FILED**
OCT 16 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

CIVIL ACTION NO. 06-CV-193-GFVT

FREDERICK DOUGLAS KYLE     PLAINTIFF

VS:     **<u>MEMORANDUM OPINION AND ORDER</u>**

STATE OF INEZ, KENTUCKY, ET AL.     DEFENDANTS

The plaintiff, Frederick Douglas Kyle ("Kyle"), is an inmate confined at the United States Penitentiary-Big Sandy ("USP-Big Sandy") in Inez, Kentucky. Proceeding *pro se*, he has filed a civil rights complaint under 28 U.S.C. §1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) [Record No. 2]. The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## BACKGROUND

On or about November 22, 2004, Kyle was assaulted by another inmate while he was in the computer instruction room. Kyle alleges that the assault was reasonably foreseeable by prison staff, who nonetheless failed to protect him. To protect him from further assaults, prison staff placed him in protective custody and moved him to the Special Housing Unit. Kyle further alleges that in the

process of moving his belongings to his new cell, prison staff destroyed a photo album in the process of inspecting it for contraband. As a result of the assault, Kyle apparently suffered significant injuries to his teeth, mouth, and jaw. Kyle alleges that his dental treatment was inadequate and incompetent.

On November 27, 2004, Kyle initiated the Bureau of Prisons' ("BOP") grievance procedure by filing a Form BP-229 (formerly Form BP-9), in which he complained generally of the attack and expressed his desire for continued pain medication. Shortly thereafter, on December 29, 2004, Kyle filed a lawsuit against the same defendants identified in the present case, asserting civil rights claims and a claim under the Federal Tort Claims Act, 28 U.S.C. §2672 *et seq*. That case was dismissed without prejudice on February 15, 2005, for Kyle's failure to demonstrate that he had exhausted his administrative remedies prior to filing suit. *Kyle v. State of Inez, Kentucky*, 04-CV-450-KKC, Eastern District of Kentucky [Record Nos. 1, 9 therein].

While that case was pending, it appears that Kyle's grievance, assigned Remedy ID#368403-F1, was not properly processed, as the acknowledgment of receipt indicates it was not received by the warden's staff until February 28, 2005. In the interim, Kyle had attempted to file a Form BP-230 (formerly Form BP-10) with the Regional Director on February 4, 2005, but this was returned to him to give the warden the opportunity to respond to his original grievance. The warden rejected the grievance by response dated March 11, 2005.

Kyle appealed to the Central Office by filing a Form BP-231 (formerly BP-11) on March 22, 2005. This appeal was rejected by the Central Office on May 6, 2005, because Kyle had appealed to the Central Office rather than to the Regional Director.

On March 7, 2005, Kyle filed a claim for relief under the FTCA with the BOP, alleging that staff failed to protect him from the inmate who assaulted him. Kyle filed another claim under the FTCA related to his dental care on March 31, 2005. Both of these claims were reviewed for administrative settlement by the BOP under 28 C.F.R. §0.172. The BOP rejected Kyle's claim arising out of the assault by letter dated August 31, 2005, and his claim related to his dental care by letter dated September 7, 2005. Each of these letters advised Kyle that he must file any suit under the FTCA within six months of his receipt of these letters. Kyle executed written acknowledgments of receipt of the BOP's letters on September 15, 2005.

Kyle filed the present suit on September 8, 2006. In his complaint, Kyle asserts claims related to his assault, the destruction of his photo album, and his dental care. This Court entered a Deficiency Order on September 13, 2006, directing Kyle to supplement the record to demonstrate that he had exhausted his administrative remedies with respect to his claims by filing with the Court copies of the grievance forms he filed with the prison and the Bureau of Prisons' ("BOP") responses thereto [Record No. 3]. Kyle has responded by filing a Motion/Memorandum regarding his "Right to Free Access to the Court" [Record No. 5] wherein he alleges that on September 15, 2006, staff at USP-Big Sandy opened the letters he wished to send in response which contained the grievance forms, reviewed its contents, and confiscated the originals contained therein. He has, however, included with his response copies of the same documents he contends were originally confiscated.

## DISCUSSION

Kyle's civil rights claims must be dismissed. First, any claim arising under federal law related to prison conditions may only be brought if available administrative remedies are exhausted before suit is filed. 42 U.S.C. §1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Jones Bey v.*

*Johnson*, 407 F.3d 801, 806, 809 (6th Cir. 2005) (all claims in civil rights complaint must be exhausted). Kyle made no effort to invoke the BOP's administrative remedy process with respect to his claims related to his photo album or his dental care, and those claims are therefore unexhausted. While Kyle did file a grievance with respect to his failure to protect claim, the evidence in the record indicates that he failed to exhaust his remedies by properly appealing the warden's denial to the Regional Director and subsequently to the Central Office. Further, the time to do so has long since passed. The Supreme Court has recently held that administrative remedies must be "properly" exhausted within the time frames established by the agency, and the failure to do so bars the claimant from satisfying the exhaustion requirement, which is a mandatory prerequisite for bringing suit. *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). Kyle's civil rights claim that defendants failed to adequately protect him is therefore barred on the merits and must be dismissed.

It is possible, although difficult, to read Kyle's recent motion as suggesting that the Court has not yet received all of his grievance forms related to his claims. Even if this were true, however, these claims would be barred by the statute of limitations. If the Court were to assume that Kyle's original misfilings in February 2005 were legally excusable, and that thereafter Kyle followed the correct procedure in his grievance filings, the BOP's final response from Central Office would have been due no later than August 14, 2005. 28 C.F.R. §§542.15(a), 542.18. For civil rights claims arising in Kentucky, the applicable statute of limitations is one year. KRS 413.140(1)(a); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Because Kyle filed the present suit on September 9, 2006, more than one year after August 14, 2005, his present claims are time-barred.

Kyle's claims under the FTCA must likewise be dismissed. Before a potential claimant may file suit on a claim under the FTCA, he or she must first present their claim to the agency for consideration for administrative settlement within two years of the date when the claim accrues. 28 U.S.C. §2675(a). Kyle plainly satisfied this requirement. However, as indicated in both letters to Kyle denying administrative settlement of his claims, a claimant must bring suit within six months after the agency's final denial of their claim. 28 U.S.C. §2401(b); *Lopez v. United States*, 349 F.Supp.2d 179 (D.Mass. 2004). Kyle received those denials on September 15, 2005. Because Kyle waited more than six months before bringing his claims under the FTCA, those claims are time-barred and must be dismissed. Further, Kyle's FTCA claim must also be dismissed for failure to state a claim. The only proper defendant in an action under the FTCA is the United States, 28 U.S.C. §2679, whom Kyle has not named as a defendant in this proceeding. *Id.*

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)  Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

(2)  This is a **FINAL** and **APPEALABLE** order.

(3)  The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 16th day of October, 2006.

JUDGE GREGORY F. VAN TATENHOVE
UNITED STATES DISTRICT COURT